## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| OCULAR THERAPEUTIX, INC., | ) | |
| | ) | |
| Declaratory Judgment  Plaintiff, | ) | |
| | ) | C.A. No. 18-1991-MN |
| v. | ) | |
| | ) | |
| MATI THERAPEUTICS, INC., | ) | |
| | ) | |
| Declaratory Judgment Defendant | ) | |
| | ) | |

## <u>OCULAR'S OPPOSITION TO MATI'S MOTION FOR EXTENSION</u>

Ocular Therapeutix respectfully opposes Mati Therapeutics' motion for a two-week extension.  As a courtesy, Ocular had already agreed to one extension (D.I. 6) and then, to avoid this motion, was willing to agree to an additional week.  That additional time, on top of the normal 21-day time to answer the complaint, should have been more than enough time for Mati to prepare its response to Ocular's declaratory judgment complaint of non-infringement.  After all, Mati is the party that alleged patent infringement and threatened litigation in the first place. Mati alleged infringement back in October 2018 and thus should already be fully prepared to respond (*e.g.*, by counter-alleging that Ocular infringes).  Mati does not need more time.

Ocular, however, will be prejudiced by further delay, however short that delay may be. Ocular recently received FDA approval to market its accused drug product.  The time immediately after FDA approval is critical for preparation of the product and for fund-raising. The threat of infringement, however, places a cloud over those activities.  Indeed, as a public company, Ocular had to disclose the threat of an infringement claim in securities filings.  Mati knows this and tactically timed its original infringement notice to coincide with the expected

ME1 29062324v.2

approval and launch of the product.  Mati's request for even more time serves only to prolong the cloud hanging over Ocular and the attendant and prejudicial consequences.

## PROCEDURAL HISTORY AND BACKGROUND

Ocular Therapeutix, Inc., is an innovative biopharmaceutical company focused on the development and commercialization of therapies for various diseases and conditions of the eye. Ocular has been developing the DEXTENZA® drug-eluting intracanalicular insert for treating post-surgical ocular pain and other ophthalmic conditions and has completed extensive Phase 2 and Phase 3 studies to test the safety and efficacy of these inserts.  On November 30, 2018, Ocular received FDA approval to market DEXTENZA for intracanalicular use in the treatment of ocular pain following ophthalmic surgery.  Ocular is currently ramping up production and expects to begin marketing DEXTENZA during the first half of 2019.

On October 18, 2018, Mati sent Ocular a letter accusing Ocular of potentially infringing three patents, including the patent-in-suit, U.S. Pat. No. 7,922,702 ("the '702 Patent").  In that letter, Mati wrote that "[t]hese patents, which pertain to intracanlicular drug delivery systems, would be infringed by the commercial launch of Dextenza."  Exh. A, letter from Mati Therapeutics to Ocular, dated October 18, 2018, at 1.  Presumably, Mati had by then done its due diligence and had a good faith basis for alleging infringement.  Of note, Mati does not itself have a competing product on the market.

On October 25, Ocular responded by denying infringement and, indeed, by pointing out how Ocular does not infringe the '702 Patent.  Exh. B, letter from counsel for Ocular, Erik Belt, to counsel for Mati, Gabriel Gross, dated October 25, 2018.  The case is clear-cut.  As explained in that October 25th letter and later in Ocular's detailed complaint, all claims of the '702 Patent

require a two-piece design, but Ocular's accused DEXTENZA product is one piece. *See* D.I. 1, Complaint at ¶¶ 14-27.

Given the clear-cut nature of the non-infringement position, Ocular asked Mati to provide detailed claim charts supporting its allegation of infringement. Exh. B at 3 ("If you disagree and have a good faith reason to believe that the Dextenza® insert infringes, please provide a detailed claim chart with supporting evidence explaining the alleged infringement"). Mati declined to provide claim charts, saying that it would do so only if Ocular would enter into confidential settlement negotiations. Exh. C, Letter from Gabriel Gross to Erik Belt, dated November 1, 2018.

Mati clearly knew about the FDA approval and anticipated commercial launch because, just a few days after the FDA approval, Mati's counsel commented on the FDA approval and used the occasion to again threaten infringement, this time more urgently. See Exh. D, letter from Mr. Gross to Mr. Belt, December 4, 2018.

On Friday, December 14, 2018, Ocular filed its complaint for a declaratory judgment of non-infringement. There is but one count (*i.e.*, a declaration of non-infringement) and thus one issue. Further, in its complaint, Ocular extensively detailed its non-infringement arguments and attached supporting evidence, including excerpts from the prosecution history in which the inventors of the '702 Patent disclaimed devices (like the accused DEXTENZA insert) consisting of a single integral piece. Complaint at ¶ 23 and Exh. B thereto. The issue is relatively crystalized.

Ocular served the complaint on or about Monday, December 17, 2018. Mati's answer was originally due on Monday January 7, 2018.

On or about December 21, counsel for Mati requested a 30-day extension. Ocular agreed to a 15-day extension (until Tuesday, January 22). D.I. 6.

ME1 29062324v.2

On Tuesday, January 15, 2019, Mati's counsel contacted Ocular's counsel and asked for an additional extension. After some further discussion between counsel, on January 17, Ocular agreed to an additional week but no more. *See* Exh. E, email from Mr. Silver to Ms. Farnan, dated January 17, 2019. Mati moved for its requested (and longer) extension a few hours later.

## ARGUMENT

Ocular has recently received FDA approval to market its DEXTENZA insert for treating ocular pain following ophthalmic surgery. The FDA approval comes after years of clinical studies, Phase 2 and Phase 3 trials, and millions of dollars of investment. The product represents an important medical advance and thus is important that it get to market as soon as possible.

Mati's threats of infringement, however, have placed a cloud over the expected commercial launch of DEXTENZA in the coming months. Thus, every day that Mati delays the start of this lawsuit – and avoids disclosing its position to Ocular and the market – creates more uncertainty for the launch. Ocular will be prejudiced by the additional extension.

On the other hand, Mati will not be prejudiced if it has to answer by next Tuesday, January 22 (the date of the original extension), or by January 28 (the date of the additional extension to which Ocular would have agreed had Mati not moved for an extension). First, Mati has identified no reason that it needs extra time beyond what was already granted. And Mati has failed to tell the Court that it sent a letter threatening infringement litigation months ago and thus should already be prepared to respond to the declaratory judgment complaint. Mati has also failed to identify any exigency or other compelling reason preventing it from responding sooner. If Mati had a valid reason for needing more time, as opposed to simply wanting more time beyond the initial extension and the offer of another week, that would be a different story.

4

Indeed, there is no reason that Mati needs so much more time on top of the two extra weeks already granted and the additional week that Ocular offered.  After all, Mati is the patent owner and the one that originally threatened infringement.  Surely, Mati had already by then (or has since) developed claim charts or other support for its accusations.  It should thus be a simple and straightforward exercise to respond to the declaratory judgment complaint.  The response should not be arduous.

This Court has, in the past, denied extensions, particularly when the non-moving party had previously agreed to a shorter extension.  For example, in *Samsung Elextronics Co. v. Petters Group Worldwide, LLC,* C.A. No. 08-348-GMS (D. Del., June 26, 2008), this Court denied a requested 60-day extension for the defendants to answer and instead endorsed the plaintiff's offer a shorter, 30-day extension.  The defendant's motion from that matter and the resulting electronic order denying the longer extension are attached as Exh. F.

## CONCLUSION

Accordingly, Ocular Therapeutix respectfully request that the Court deny the requested delay.

DATED: January 18, 2019

*Of Counsel:*

Erik Paul Belt (admitted *pro hac vice*)
McCARTER & ENGLISH, LLP
265 Franklin Street
Boston, Massachusetts 02110
Tel: (617) 449-6500
Fax: (617) 607-9200
ebelt@mccarter.com

MCCARTER & ENGLISH LLP

/s/ Daniel M. Silver
Daniel M. Silver (#4758)
Brian R. Lemon (#4730)
405 North King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
dsilver@mccarter.com
blemon@mccarter.com

*Counsel for Plaintiff*
*Ocular Therapeutix, Inc.*

5

ME1 29062324v.2